UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH FISHER,

    Plaintiff,

                                    Case No. 08-10748

v.

DEPARTMENT OF VETERANS        Hon. John Corbett O'Meara
AFFAIRS, *et al.*,

    Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    Before the court is Defendants' motion for summary judgment, filed April 22, 2009. Plaintiff submitted a response brief on May 18, 2009. No reply brief was filed. The court heard oral argument on June 11, 2009, and took the matter under advisement. For the reasons explained below, Defendants' motion is granted.

## BACKGROUND FACTS

    Plaintiff Deborah Fisher alleges that she was discriminated against and harassed based upon her age while she was employed by the Department of Veterans Affairs. Fisher retired from the department in September 2005; she alleges that she was constructively discharged.

    At the time she retired, she was the Coach of the Public Contact Team at the VA's regional office in Detroit, Michigan. Her immediate supervisor was Lillie Jackson and her second level supervisor was Darryl Brady. Keith Thompson was the Regional Director. Plaintiff contends that she was harassed by her supervisors, who were predisposed to discriminate against older workers in an effort to force them to retire.

Plaintiff alleges that she worked for the VA for thirty-eight years without incident until, on December 1, 2004, she was placed on a performance improvement plan (PIP).  Plaintiff contends that the PIP was unwarranted.  She filed an administrative EEO complaint on April 21, 2005, contending that she had been discriminated against based on her age and gender.  She also alleged that her requests for overtime work had been denied and that she received a smaller bonus than her coworkers in March 2005.

A hearing was held regarding Plaintiff's claims and the administrative law judge issued a written decision on July 28, 2006, finding that Plaintiff had failed to prove intentional discrimination.  The VA accepted the EEOC's decision and issued a final order on August 2, 2006.  Plaintiff did not file a complaint in federal court contesting this final order.

On January 22, 2007, Plaintiff filed a second administrative EEO complaint alleging that she had been discriminated against between August 2003 and September 2, 2005, because of her age, race, and gender.  The VA processed Plaintiff's claims and dismissed as untimely those that occurred in August and December of 2003.  The VA also dismissed the allegations regarding the PIP, overtime work, and bonus, because the same claims had been previously adjudicated.  The VA accepted the following claims for investigation:

> I.  Whether on the basis of age (60), sex (female), and race (Black) the complainant was subjected to harassment when the following occurred:
>  a.  On May 14, 2005, she was threatened with disciplinary action during a staff meeting;
>  b.  On August 4, 2005, management refused to recognize personnel under her direct supervision for their outstanding contribution to the agency;
>  c.  On August 25, 2005, she was instructed to cancel a military briefing because the organization would rather cancel a briefing than to compensate her for her time;
>  d.  On August 30, 2005, she was removed from an interview with a client and threatened with a written reprimand for

                not attending a meeting; and

II.    Whether on the basis of age (60), sex (female), and race (Black), the complainant was forced to resign on September 2, 2005, which resulted in her constructive discharge?

On January 28, 2008, the VA issued a final agency decision of no discrimination. Plaintiff filed this action on February 22, 2008, alleging age discrimination and abandoning her claims involving race and gender discrimination.

## LAW AND ANALYSIS

Plaintiff attempts to set forth claims of age discrimination and harassment as well as constructive discharge. Defendants seeks summary judgment on all claims.

**I.**    **Time-Barred Claims**

Defendants contend that Plaintiff's claims regarding the PIP, lack of overtime work, and bonus are time barred because they were the subject of a final agency decision dated August 2, 2006, which was not contested in court within ninety days. See Burzynski v. Cohen, 264 F.3d 611, 618-19 (6th Cir. 2001) (failure to file complaint within ninety days of receiving final decision by EEOC renders action time barred). Plaintiff responds that these incidents are part of a "continuing violation" and remain actionable. To the contrary, the acts of which Plaintiff complains are discrete acts that do not support a continuing violation theory. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-114 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even if they are related to acts alleged in timely filed charges."). Although not actionable in themselves, these "prior acts" may be used "as background evidence in support of a timely claim." Id.

**II.**    **Age Discrimination**

In order to establish a prima facie case of age discrimination under the Age

-3-

Discrimination in Employment Act, Plaintiff must show that: (1) she was at least 40 years old; (2) she was subjected to an adverse employment action; (3) she was otherwise qualified for the position; and (4) the position was filled by a substantially younger applicant. Burzynski v. Cohen, 264 F.3d 611, 622 (6th Cir. 2001). Defendants argue that Plaintiff cannot establish a prima facie case because she did not suffer a materially adverse employment action. The Sixth Circuit defines a "materially adverse" employment action as "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." Kocsis v. Multi-Care Management, 97 F.3d 876, 885 (6th Cir. 1996) (citation omitted). A materially adverse change in employment conditions "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." Id. Purely subjective injuries, such as dissatisfaction with a reassignment, public humiliation, or loss of reputation or prestige do not constitute adverse employment actions. Forkkio v. Powell, 306 F.3d 1127, 1130-31 (D.C. Cir. 2002).

None of the incidents or actions about which Plaintiff complains – such as being threatened with discipline, cancelling a briefing, the refusal to recognize her staff, or being removed from a meeting – constitute adverse employment actions. Accordingly, Plaintiff cannot establish a prima facie case of age discrimination.

### III. Hostile Work Environment

Plaintiff also contends that she was harassed because of her age. In order to state a hostile environment claim, Plaintiff must show that (1) she is a member of a protected class; (2) she was subject to unwelcome harassment; (3) the harassment was based on her age; (4) the

harassment was severe and pervasive enough to unreasonably interfere with her work performance and create a hostile environment; and (5) Defendants knew or should have known about the harassment and failed to take corrective action. Blankenship v. Parke Care Centers, Inc., 123 F.3d 868, 872 (6th Cir. 1997). Defendants contend that Plaintiff has not demonstrated that the alleged harassment was sufficiently severe or pervasive to be actionable.

A hostile work environment occurs "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). When determining whether conduct is severe or pervasive enough to constitute a hostile work environment the court should consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 23.

Viewing the totality of the circumstances, Plaintiffs' allegations do not add up to a hostile environment claim.[1] The actions of which she complains were neither severe nor pervasive, but rather appear to be in the category of relatively minor slights. See Crawford v. Medina Gen. Hosp., 96 F.3d 830, 836 (6th Cir. 1996) (holding hostile atmosphere resulting from "a simple clash of personalities" not actionable). For example, the "age-related" comments of which Plaintiff complains were that supervisors would say that she "was the most senior person in the agency, that I had the most seniority." Pl.'s Dep. at 68-69. This kind of comment is not objectively abusive or humiliating, nor does it evidence age-based animus.

---

[1] This is true even when the court considers Plaintiff's time-barred claims.

Plaintiff has presented allegations from some of her co-workers indicating that management preferred younger workers. This evidence is not, however, relevant to Plaintiff's claim. Anthony Malloy testified that one manager passed out an article in which the former Secretary was quoted as saying "[g]etting rid of some of those older-age guys in the work force is not that bad. It gives you the opportunity to move forward." He also stated that he was happy to see young workers at the VA because "they understand computers. They know Facebook." This article was from 2008, three years after Plaintiff retired. Accordingly, she could not have subjectively viewed this as creating a hostile work environment.

Malloy also testified that managers would say that the "newer [employees] are more productive than the older [employees]. We don't need the older [employees]." Malloy did not testify as to the time period of these alleged comments; Plaintiff did not testify that this was something she actually heard, either first or second-hand. Malloy also testified that he heard Plaintiff's supervisor refer to her as "old and ugly." Plaintiff has not claimed that she heard this comment, either first or second-hand. Comments that Plaintiff knew nothing about during her employment cannot serve as a basis for a hostile environment claim. See Wanchik v. Great Lakes Health Plan, 6 Fed. Appx. 252, 262 (6th Cir. 2001) ("Of course, plaintiff must have been aware of these incidents during her employment, even if indirectly, for the accounts of others to be relevant.").

Plaintiff has also presented the affidavit of Nancy Delcimmuto, another former coworker. Ms. Delcimmuto states, for example, that "Mr. Brady often made negative remarks at staff meetings to [sic] seemingly in an effort [sic] get rid of people that were eligible to retire. The trend of Management was to hire younger workers." Delcimmuto Aff. at ¶ 8. "I can attest that

Management singled out older workers because they were older and had been employed with the Department the longest.  Management viewed older workers as lacking mental capacity to handle difficult situations." Id. at ¶ 12.  Ms. Delcimmuto also "felt discriminated [against] and harassed because of my age." Id. at ¶ 15.   Ms. Delcimmuto's affidavit is entirely too vague and conclusory to aid Plaintiff's case.  See Wade v. Knoxville Utilities Bd., 259 F.3d 452, 463 (6th Cir. 2001) ("[C]onclusory allegations and [the plaintiff's] perceptions . . . are not sufficient to stave off summary judgment."); Arendale v. City of Memphis, 519 F.3d 587, 601 (6th Cir. 2008). Rather than presenting concrete facts, Ms. Delcimmuto has offered her unsupported opinions and conclusory allegations, which are insufficient to create a question of fact.

Plaintiff has not sufficiently alleged that she was subjected to a hostile and abusive working environment based upon her age.  The court will dismiss her hostile environment claim.

**IV.     Constructive Discharge**

Plaintiff contends that her retirement was a constructive discharge.   In order to show constructive discharge, Plaintiff must demonstrate that 1) "the employer ... deliberately create[d] intolerable working conditions, as perceived by a reasonable person," and 2) the employer did so "with the intention of forcing the employee to quit. . . ." Moore v. KUKA Welding Sys. & Robot Corp., 171 F.3d 1073, 1080 (6th Cir.1999). "To determine if there is a constructive discharge, both the employer's intent and the employee's objective feelings must be examined." Id.

> Whether a reasonable person would have feel compelled to resign
> depends on the facts of each case, but we consider the following
> factors relevant, singly or in combination: (1) demotion; (2)
> reduction in salary; (3) reduction in job responsibilities; (4)
> reassignment to menial or degrading work; (5) reassignment to
> work under a younger supervisor; (6) badgering, harassment, or
> humiliation by the employer calculated to encourage the
> employee's resignation; or (7) offers of early retirement or

> continued employment on terms less favorable than the
> employee's former status.

Logan v. Denny's, Inc., 259 F.3d 558, 569 (6th Cir. 2001).

Plaintiff's allegations do not demonstrate that she was constructively discharged. Her working conditions were not objectively "intolerable" such that a reasonable person would be compelled to resign. Nor does the evidence suggest that her employer intended to force her to retire. She received a favorable mid-year evaluation on April 22, 2005, in which her supervisor, Lillian Jackson, stated that the "Public Contact Team (PCT) is doing very well." Jackson also recommended Plaintiff for a within-grade increase on July 8, 2005, shortly before Plaintiff announced her intent to retire on August 15, 2005.

The court will dismiss Plaintiff's constructive discharge claim.

## ORDER

IT IS HEREBY ORDERED that Defendant's April 22, 2009 motion for summary judgment is GRANTED.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date: June 30, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 30, 2009, by electronic and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager